BY THE

## ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS

AT THE

### OCTOBER TERM, 1909.

---

REBECCA C. WILSON, Appellant, v. G. S. KIEF-
FER, Respondent.

**Kansas City Court of Appeals, November 15, 1909.**

PROMISSORY NOTE: Cosureties: Contribution. L. W. was in-
debted to K. and afterwards gave his note, with W. as his surety.
K. sold and endorsed the note to a bank. It became due and
was not paid, but a new note given to the bank by L. W., with
W. and K. as his sureties. There were several renewals in the
same way, when the bank obtained judgment on the note against
W., which she paid. *Held*, that K. was her cosurety and was
liable to her for contribution.

Appeal from Benton Circuit Court.—*Hon. Charles A.
Denton*, Judge.

REVERSED AND REMANDED (*with directions*).

*Bruce Barnett* for appellant.

(1) That the note in question was paid in full
by appellant is evidenced by the receipt given her by
Mr. Lay, attorney for the legal holder of the note in
the suit instituted against her, in which judgment was

141 App.]       (137)

rendered thereupon for the full amount thereof. That an attorney of record has authority to collect the judgment is established by the following authorities. Carroll Co. v. Cheatem, 48 Mo. 385; Acock's Admr. v. McBroom, 38 Mo. 342; Rhinehart v. Banking Co., 99 Mo. App. 381. (2) That the judgment rendered against appellant for the full amount of the note was paid by her in full further appears from the testimony of W. S. Jackson, set forth in the abstract of the record and quoted from at length in our statement. (3) Respondent is liable to appellant for contribution because they were cosureties upon the note, upon which judgment was obtained against appellant, which judgment she paid in full. The fact that this note was a renewal of renewals of an original note given to respondent as payee, by Louis Wilson, as principal maker, with appellant signing as surety, does not affect the question, because so far as appellant is concerned that note was without consideration and she was never liable to respondent thereupon. That original note was for the purchase price of goods sold and delivered by respondent to Louis Wilson, prior to the execution of this original note. The consideration had already passed, the debt had already accrued, and no new consideration passed. That the surety is not liable in such case is established by the following authorities. McFarland v. Heim, 127 Mo. 327; M'cMahan v. Grieger, 73 Mo. 145; Williams v. Williams, 67 Mo. 665; Pfieffer v. Kingsland, 25 Mo. 66; Lowenstein v. Sorge, 75 Mo. App. 281; Messenger v. Vaughan, 45 Mo. App. 16; Hartman v. Redman, 21 Mo. App. 124; Ring v. Kelley, 10 Mo. App. 411.

*Henry P. Lay,* for respondent, filed no brief.

ELLISON, J.—This is an action for contribution on account of an alleged payment of the full amount of a judgment rendered on a promissory note upon

which plaintiff and defendant were sureties. The judgment in the trial court was for the defendant.

It seems that one Louis W. Wilson was indebted to defendant for a stock of goods sold to him by defendant and that afterwards such indebtedness was put in the form of a note payable to defendant, due at a future date, and that this plaintiff signed such note with Louis W. Wilson, as his surety. That afterwards this defendant sold and endorsed the note to a bank and became liable to the bank by such endorsement. When it became due it was taken up and one given to the bank in lieu thereof by all three, Louis Wilson, this plaintiff and defendant. There were several renewals in the same way until the one on which the judgment was rendered, which plaintiff paid.

From this it seems clear that plaintiff and defendant were co-sureties for Louis Wilson. In the first place plaintiff was alone surety for him. Then when that note was not paid to the bank to which it had been sold and endorsed by defendant, it was taken up by Louis Wilson executing a new note to the bank and plaintiff and defendant becoming his sureties. In other words, defendant joined plaintiff in becoming surety for Louis. The present note being a mere renewal of the note last mentioned, the parties bore the same relation to it.

We regard the evidence as establishing a payment of the judgment by plaintiff. She therefore paid a judgment on an obligation in which defendant was jointly bound with her as surety. Plaintiff should therefore have recovered in the trial court. The judgment will therefore be reversed and the cause remanded, and as the case was tried by the court without a jury, with directions to the court to enter judgment for the plaintiff for the amount paid by her, with interest. All concur.